**Jose Eriberto ESTOPINIAN–CISNEROS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–70012.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 1, 2008.

Jose Eriberto Estopinian–Cisneros, Lake Los Angeles, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joshua E. Braunstein, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, LEAVY, and CLIFTON, Circuit Judges.

#### MEMORANDUM **

Jose Eriberto Estopinian–Cisneros, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *see Molina–Morales v. INS,* 237 F.3d 1048, 1050 (9th Cir.2001), and we deny the petition for review.

We lack jurisdiction to review Estopinian–Cisneros' contention that he was persecuted on account of a political opinion because he failed to exhaust this claim before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Substantial evidence supports the denial of the asylum claim because Estopinian–Cisneros failed to demonstrate that he was persecuted in the past, or that he will be persecuted in the future, on account

of a protected ground. *See Molina–Morales,* 237 F.3d at 1052; *see also Ochoa v. Gonzales,* 406 F.3d 1166, 1170–71 (9th Cir. 2005).

Because Estopinian–Cisneros failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

In his opening brief, Estopinian–Cisneros did not address, and therefore has waived any challenge to the denial of CAT protection. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.